**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DANA SAFETY SUPPLY, INC., | No. 3:22cv00583 (SVN) |
| Plaintiff, | |
| v. | |
| WHELEN ENGINEERING COMPANY, INC., | |
| Defendant. | MAY 27, 2022 |

**MOTION TO EXCEED PAGE LIMITATION**

Pursuant to Rule 7(a)5 of the Local Rules of this Court, the defendant, Whelen Engineering Company, Inc. ("Whelen") respectfully moves for leave to submit a brief in opposition to the pending motion for a preliminary injunction in excess of the forty-page limit imposed by the Local Rules.

As cause for this motion, Whelen represents the following:

1. On April 25, 2022 Plaintiff Dana Safety Supply, Inc. ("DSS") filed a thirty-five page Verified Complaint against Whelen in nine separate counts, consisting of over 140 separate paragraphs and alleging myriad claims centering on Whelen's termination of a distributor agreement between the parties by means of a letter dated March 28, 2022, including claims for violation of Arkansas law, Connecticut law, federal law, and common law claims for breach of the covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, tortious interference and trade libel. DSS's claims for relief includes money damages, attorneys' fees, punitive damages, interest and a wide range of injunctive relief.

2. DSS's Complaint was accompanied by its Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF 2). The motion is expressly based on the Verified Complaint, an eleven-page declaration from its principal officer and a forty-page memorandum of law. (ECF 2 at 3).

3. On April 26, 2022 this Court held a status conference on DSS's emergency motion and set a schedule for the completion of briefing as relates to the motion for interim relief.

4. On the joint request of the parties, that briefing scheduling has been adjusted once, and Whelen's brief in opposition is now due to be filed on June 6, 2022.

5. Whelen is in the process of assembling the evidence necessary to defend itself from DSS's claims and researching and drafting its opposition brief.

6. Given the breadth scope of the issues raised by DSS in support of its motion, which include both complex choice-of-law issues and an analysis of the substantive law of two states (Connecticut and Arkansas), and the need to present an accurate account of the facts, Whelen believes in good faith that it will require more space to fairly present its rebuttal than the forty pages allowed under this Court's Local Rules.

7. It is difficult to be definitive as to how many additional pages Whelen will need at this time. However, Local Rule 7(a)5 requires that a motion for excess pages must be filed seven days before the applicable deadline. With the upcoming holiday weekend, the Local Rule thus requires that Whelen's motion be filed today.

8. In light of the above, Whelen anticipates that it will need fifteen pages in addition to the forty-page limit imposed by the Local Rules.

Wherefore, Whelen respectfully moves for permission to file a brief in excess of the forty-page limit.

DEFENDANT,
WHELEN ENGINEERING COMPANY, INC.

By /s/ Glenn M. Cunningham
Glenn M. Cunningham (ct09995)
Patrick M. Fahey (ct13862)
Karen T. Staib (ct21119)
Michael A. King (ct29389)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, Connecticut 06103
Tel.: (860) 251-5000
Fax: (860) 251-5218
Email: gcunningham@goodwin.com
Its Attorneys